# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2338-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert Paul D'Arruda, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>    Complainant,<br>    v.<br>Robert Paul D'Arruda,<br>    Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST D'ARRUDA

---

| | |
|---|---|
| OPINION FILED: | November 20, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP2338-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert Paul D'Arruda, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Robert Paul D'Arruda,**

      **Respondent.**

**FILED**

**NOV 20, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review, pursuant to SCR 22.17(2),[1] the report of the referee, Richard C. Ninneman, recommending the

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

court publicly reprimand Attorney Robert Paul D'Arruda for professional misconduct. No appeal has been filed.

¶2 We approve and adopt the referee's findings of fact and conclusions of law. We agree that Attorney D'Arruda's misconduct warrants a public reprimand, and we direct Attorney D'Arruda to reimburse one former client, as provided herein. We impose the full costs of this proceeding, which total $6,014.07 as of September 4, 2013.

¶3 Attorney D'Arruda was licensed to practice law in Wisconsin in 1993. He is a criminal defense attorney from Milwaukee, Wisconsin. Attorney D'Arruda was privately reprimanded in 2011 for misconduct in two client matters involving failure to provide clients with a written fee agreement, failure to provide clients with an itemized statement or accounting for services, and failure to respond in a timely manner to clients' grievances and Office of Lawyer Regulation (OLR) requests for information.

¶4 On October 25, 2012, the OLR filed a 14-count complaint alleging that Attorney D'Arruda committed misconduct in connection with four client matters. Attorney D'Arruda filed an answer admitting allegations related to ten of the counts. On June 28, 2013, the parties entered into a stipulation reflecting these concessions. Prior to the hearing, the OLR voluntarily dismissed one of the remaining counts.

¶5 On July 25, 2013, the referee conducted an evidentiary hearing. Attorney D'Arruda testified on his own behalf and called character witnesses. On August 15, 2013, the referee

2

filed a report and recommendation accepting the parties' stipulation and, with respect to the remaining three counts of misconduct, concluding Attorney D'Arruda engaged in misconduct on two of the counts and recommending dismissal of the third. The referee recommended the court impose a public reprimand and order restitution to one client. No appeal was filed.

¶6 This court will affirm a referee's findings of fact unless they are clearly erroneous; conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶7 The referee accepted the parties' stipulation that Attorney D'Arruda failed to provide his clients H.A. and A.M. a written communication explaining the basis or rate of his fee and the purpose and effect of the advanced fee he accepted in violation of SCRs 20:1.5(b)(1) and (2)[2] (Count 1); failed to

_____

[2] SCRs 20:1.5(b)(1) and (2) state as follows:

> (1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

deposit funds in a trust account until earned, and failed to refund an unearned $500 fee upon request in violation of SCRs 20:1.15(b)(4)[3] (Count 2) and 20:1.16(d)[4] (Count 3); and failed to timely respond to the ensuing grievance in violation of SCR 22.03(2),[5] enforceable via SCR 20:8.4(h)[6] (Count 4).

---

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

[3] SCR 20:1.15(b)(4) states: Unearned fees and cost advances.

Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[4] SCR 20:1.16(d) provides as follows:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) states:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a

4

Record evidence indicates the Wisconsin Lawyers' Fund for Client Protection (the Fund) subsequently reimbursed Attorney D'Arruda's client $500 for an advanced fee and Attorney D'Arruda testified that he, in turn, reimbursed the Fund such that restitution in this matter is not warranted.

¶8 The referee also accepted the parties' stipulation relating to the matter of B.F., concluding that Attorney D'Arruda failed to turn over B.F.'s file and discovery materials to successor appellate counsel after his representation was terminated in January 2011, in violation of SCR 20:1.16(d) (Count 12); and failed to provide a timely written response to the B.F. grievance in violation of SCR 22.03(2), enforceable via SCR 20:8.4(h) (Count 13).

¶9 The referee also accepted the parties' stipulation that Attorney D'Arruda failed to respond to multiple requests by the OLR regarding a grievance filed by another former client, D.L. The referee thus concluded that Attorney D'Arruda violated SCR 22.03(2), enforceable via SCR 20:8.4(h), based on his delay in responding to the grievance (Count 14).

---

request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

¶10 Attorney D'Arruda stipulated to some, but not all of the allegations pertaining to his representation of L.N.

¶11 L.N. hired Attorney D'Arruda in July of 2009 to represent her in connection with a police investigation in Racine County. L.N. paid Attorney D'Arruda $750 in 2009 and paid him an additional $1,500 in 2010. On May 17, 2010, the State charged L.N. with a felony.

¶12 Between October 26, 2010, and August 30, 2011, L.N.'s case was called for trial several times. Each time, the court convened a status conference instead. L.N. was unhappy with the delay and eventually filed a grievance with the OLR. In August 2011 L.N. retained new counsel who arranged a plea deal on her behalf.

¶13 The OLR alleged that Attorney D'Arruda failed to promptly pursue resolution of L.N.'s case from November 2010 until his representation was terminated in July or August 2011 (Count 5), failed to inform L.N. that he would not appear at all scheduled court dates (Count 6), failed to respond to L.N.'s phone calls between March 2011 and July 2011 (Count 7), failed to give L.N. a final accounting and a refund of any unearned advanced fees and required notices upon the termination of his representation (Count 8), failed to refund unearned fees (Count 9), and failed to timely respond in writing to L.N.'s grievance (Count 10).

¶14 Attorney D'Arruda stipulated to the misconduct alleged in Counts 6, 8, and 10, and the referee accepted that stipulation. Attorney D'Arruda contested the OLR's claims that

he failed to diligently pursue the case, failed to respond to phone calls, and failed to refund unearned fees.

¶15 Attorney D'Arruda testified that he was prepared to try L.N.'s case as early as October 26, 2010. However, when the case was called on October 26, 2010, the prosecutor was in another trial and the court continued the case. Attorney D'Arruda admits that he did not appear at a February 15, 2011 trial date because he was in another trial in Milwaukee County. He explained that he sent a message by facsimile to both the Racine County District Attorney's office and the court. The message did not reach the court because Attorney D'Arruda used an incorrect fax number, but the prosecutor received the message and the court adjourned the matter. On May 10, 2011, the trial date was changed to a scheduling conference because of a lack of communication between Attorney D'Arruda and the district attorney.

¶16 The referee declined to hold Attorney D'Arruda solely responsible for these delays in advancing the L.N. matter to resolution. The referee thus concluded that the OLR failed to prove this claim by clear, satisfactory, and convincing evidence and recommended the court dismiss Count 5.

¶17 The referee found that facts set forth in the stipulation clearly established that Attorney D'Arruda failed to respond to L.N.'s phone calls during the relevant time period

and thus concluded that Attorney D'Arruda violated SCR 20:1.4(a)(4)[7] (Count 7).

¶18 Regarding the alleged failure to refund unearned fees, the referee noted that L.N. paid Attorney D'Arruda $2,250 and the record evidence indicates the cost of the legal services Attorney D'Arruda provided exceeded that payment. However, the June 2, 2010 fee agreement between L.N. and Attorney D'Arruda's law firm stated that L.N. would be provided with "a written accounting of all fees incurred in the matter and a refund of any advanced fees, if any, that have not been earned or advanced costs that have not been used." Attorney D'Arruda testified that he was willing to pay $250 as a refund to L.N. for unearned fees, and the referee recommended this court order Attorney D'Arruda to do so.

¶19 We accept the referee's conclusions and recommendations regarding the L.N. matter including the dismissal of Count 5 of the complaint.

¶20 The referee then considered the appropriate discipline for Attorney D'Arruda's misconduct. The OLR sought a 60-day suspension and restitution to L.N. in the amount of $250 for unearned advanced fees. Attorney D'Arruda asked for a public reprimand.

¶21 The referee recommends this court impose a public reprimand. The referee acknowledges that Attorney D'Arruda

---

[7] SCR 20:1.4(a)(4) provides that a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

8

previously received a private reprimand, but noted the misconduct in this case occurred at a time when Attorney D'Arruda faced multiple outside pressures including dissolution of his small law firm, divorce, financial pressures, and an excessive caseload. The referee explicitly noted that "[f]rom the testimony, these pressures and distractions are behind him." The referee noted that character witnesses described Attorney D'Arruda as a highly experienced criminal lawyer who is "competent, dignified and respected." The referee was mindful that "[a] suspension at this time and the resulting closure of his sole practitioner office for several months could be devastating to his law practice." We agree.

¶22 Finally, we turn to the issue of costs. Our general policy is to impose the full costs of a disciplinary proceeding on the respondent attorney who is found to have committed professional misconduct. See SCR 22.24(1m). We see no reason to depart from that policy in this matter.

¶23 Accordingly, we adopt the referee's findings of fact and conclusions of law and determine that a public reprimand is the appropriate discipline for Attorney D'Arruda's professional misconduct, together with restitution to L.N., and payment of full costs.

¶24 IT IS ORDERED that Attorney Robert Paul D'Arruda is publicly reprimanded for his professional misconduct.

¶25 IT IS FURTHER ORDERED that if he has not already done so, within 60 days of the date of this order, Attorney Robert

9

Paul D'Arruda shall pay $250 in restitution to his former client, L.N.

¶26 IT IS FURTHER ORDERED that, within 60 days of the date of this order, Attorney Robert Paul D'Arruda shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶27 IT IS FURTHER ORDERED that restitution is to be completed before payment of costs to the Office of Lawyer Regulation.

¶28 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.