# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP312-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Andrew J. Bryant, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Andrew J. Bryant,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BRYANT

| | |
|---|---|
| OPINION FILED: | January 28, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP312-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Andrew J. Bryant, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

       **Complainant,**

**JAN 28, 2015**

    **v.**

Diane M. Fremgen
Clerk of Supreme Court

**Andrew J. Bryant,**

       **Respondent.**

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.   This case is before us pursuant to SCR 22.14(2)[1] and SCR 22.17(2)[2] on a stipulation between the

---

[1] SCR 22.14(2) states:

The respondent may by answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be

(continued)

parties, Attorney Andrew J. Bryant and the Office of Lawyer Regulation (OLR). In the stipulation, Attorney Bryant pled no contest to 37 of 38 counts of misconduct alleged in the OLR's third amended complaint. The referee issued a report recommending that the court suspend Attorney Bryant's license to practice law for three years, order Attorney Bryant to pay restitution to two clients as set forth herein, and order Attorney Bryant to pay the full costs of this proceeding, which total $9,175.05 as of September 2, 2014.

¶2 We approve the recommendations stated in the stipulation and adopt the stipulated findings of fact and conclusions of law. We agree that Attorney Bryant's professional misconduct warrants a three-year suspension of his Wisconsin law license. We further order that Attorney Bryant make restitution to M.W. and M.C. as outlined below, and that he pay the full costs of this disciplinary proceeding.

---

conclusively presumed that the respondent engaged in the misconduct determined on the basis of a no contest plea.

[2] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶3 Attorney Bryant was admitted to practice law in Wisconsin in 1992. He most recently practiced as a solo attorney in Verona.

¶4 In January of 2012, Attorney Bryant received a consensual private reprimand for misconduct that included lack of competence, lack of diligence, failure to consult with his client regarding the means by which the objectives of the representation were to be pursued, and failure to keep his client adequately informed. Private Reprimand No. 2012-01.

¶5 On June 24, 2014, this court suspended Attorney Bryant's license for a period of four months for 15 counts of misconduct including: practice of law while his license was administratively suspended; failure to obtain a written conflict waiver; failure to utilize a written fee agreement; trust account violations; lack of diligence; failure to provide a client's file to successor counsel; lack of competence; failure to make reasonable efforts to expedite litigation; failure to keep his client reasonably informed; failure to explain matters sufficiently; knowingly disobeying circuit court scheduling and sanction orders; conduct intended merely to harass or delay; and misrepresentation. In re Disciplinary Proceedings Against Bryant, 2014 WI 43, 354 Wis. 2d 684, 847 N.W.2d 833. We imposed certain conditions on Attorney Bryant's future reinstatement in that matter. Id, ¶52. His license remains suspended.

¶6 On February 8, 2013, the OLR filed the disciplinary complaint giving rise to this decision. The complaint was amended several times; the third, and final, amended complaint

3

was filed January 24, 2014, and contained some 255 separately numbered paragraphs describing 38 counts of misconduct in connection with Attorney Bryant's representation of seven clients.

¶7 Before an evidentiary hearing was conducted on the complaint, Attorney Bryant withdrew his answers and entered into the stipulation now before the court, in which the parties agreed to dismiss Count 13 and Attorney Bryant pled no contest to the remaining 37 counts.

¶8 The referee, James C. Boll, accepted all of the factual allegations of the complaint as his findings of fact. Based on those facts, the referee concluded that Attorney Bryant had engaged in 37 separate acts of professional misconduct.

¶9 Given the volume of the factual findings and legal conclusions made by the referee, we do not repeat them all here. It is sufficient to provide the following brief summary of each client matter followed by summary information concerning the serious misconduct committed by Attorney Bryant.

Matter of J.N. (Counts 1-2)

¶10 On August 8, 2008, J.N. and her husband filed a joint petition for divorce in Dane County circuit court. J.N. retained Attorney Bryant, signed a fee agreement, and paid an advanced fee. During the representation, Attorney Bryant engaged in trust account violations by failing to provide J.N. with an accounting, notice, or statement before disbursing trust account funds, and failed to respond to the OLR's requests for information concerning the ensuing grievance.

4

Matter of M.W. (Counts 3-11)

¶11 In April of 2010, M.W. retained Attorney Bryant to represent her in a divorce proceeding. Attorney Bryant failed to provide M.W. with any timely periodic invoices, and disbursed attorney's fees and trust account funds to himself without providing M.W. an itemized bill or accounting. He also failed to communicate with his client, failed to act with diligence in the representation, failed to provide M.W. with an accounting after final distribution of the trust property, failed to comply with a court commissioner's order, which resulted in his client being held in contempt, and converted client funds to pay himself attorney's fees. Attorney Bryant further failed to respond to the OLR's requests for information about the ensuing grievance, resulting in the temporary suspension of his law license. Office of Lawyer Regulation v. Andrew J. Bryant, Sup. Ct. Case No. 2012XX946-D.

Matter of M.C. (Counts 12-15)

¶12 In April of 2009, M.C. hired Attorney Bryant to pursue claims against her former employer for termination based upon gender and for denial of employer insurance benefits for long-term disability benefits. Attorney Bryant failed to take substantive action in M.C.'s case, and repeatedly failed to respond to her requests for information about her case. He further failed to respond to the OLR's requests for information regarding the ensuing grievance, resulting in the temporary suspension of his law license. Office of Lawyer Regulation v. Andrew J. Bryant, Sup. Ct. Case No. 2012XX946-D.

5

Matter of G.G. (Counts 16-24)

¶13  In December of 2008, G.G., a City of Madison employee, slipped and fell on an icy restaurant stoop, sustaining injury. In 2009, G.G. hired Attorney Bryant to pursue a worker's compensation claim and a third-party personal injury lawsuit on his behalf.  Attorney Bryant failed to prepare a written contingent fee agreement and, other that purportedly hiring an investigator to pursue evidence, failed to take any other meaningful action on the matter.  He failed to return his client's calls or otherwise respond to requests for information. Ultimately, the statute of limitations on both the worker's compensation and the third-party claims expired.

¶14  In May of 2010, G.G. also hired Attorney Bryant to represent him in divorce proceedings.  Attorney Bryant failed to prepare a written fee agreement, improperly paid himself $2,000 in attorney's fees from trust account funds, failed to communicate with G.G. regarding the status of the divorce proceedings, failed to respond to requests for information, and engaged in trust account violations.  He then failed to respond to the OLR's requests for investigation relating to the ensuing grievance, resulting in the temporary suspension of his license to practice law.  Office of Lawyer Regulation v. Andrew Bryant, Sup. Ct. Case No. 2012XX493-D.

Matter of K.R. (Counts 25-30)

¶15  In March of 2010, K.R. hired Attorney Bryant to pursue an employment discrimination claim against his former employer. Attorney Bryant failed to prepare a written contingent fee

6

agreement, failed to pursue his client's claim, and repeatedly failed to respond to his client's requests for information. He further failed to respond to the OLR's requests for information regarding the ensuing grievance, resulting in the temporary suspension of his license to practice law. Office of Lawyer Regulation v. Andrew J. Bryant, Sup. Ct. Case No. 2012XX946-D.

Matter of A.C. (Counts 31-34)

¶16 On August 15, 2001, A.C. suffered a work-related injury at his place of employment and was subsequently terminated. Attorney Bryant agreed to represent A.C. in his effort to pursue a discrimination claim with the Equal Rights Division of the Wisconsin Department of Workforce Development.

¶17 On March 25, 2011, A.C. signed a contingent fee agreement. After Attorney Bryant filed his notice of appearance, A.C. never heard from him again. Attorney Bryant failed to respond to requests of successor counsel to relinquish A.C.'s file, and then failed to respond to the OLR's requests for information relating to the ensuing grievance, resulting in the temporary suspension of Attorney Bryant's law license. Office of Lawyer Regulation v. Andrew J. Bryant, Sup. Ct. Case No. 2012XX946-D.

Matter of J.F. (Counts 35-38)

¶18 In December of 2009, J.F. hired Attorney Bryant to pursue a personal injury claim on J.F.'s behalf. J.F. signed a contingent fee agreement. Attorney Bryant then repeatedly failed to communicate with J.F. and took no action on the case. He also failed to respond to the OLR's requests for information

7

relating to the ensuing grievance, resulting in the temporary suspension of his license to practice law. <u>Office of Lawyer Regulation v. Andrew J. Bryant</u>, Sup. Ct. Case No. 2012XX946-D.

¶19 The stipulation executed by the OLR and Attorney Bryant provided and the referee concluded that, contrary to SCR 20:1.1, Attorney Bryant failed to provide competent representation during his work on the matters of G.G. (Count 16) and K.R. (Count 25).

¶20 The stipulation provided and the referee concluded that, contrary to SCR 20:1.3, Attorney Bryant failed to take meaningful action or advance his client's interests in the following client matters: M.W. (Count 3), M.C. (Count 12), G.G. (Count 17), K.R. (Count 26), A.C. (Count 31), and J.F. (Count 35).

¶21 The stipulation provided and the referee concluded that, contrary to SCR 20:1.4(a)(3), Attorney Bryant failed to keep the following clients reasonably informed about the status of their matter: M.W. (Count 4), G.G. (Count 18), K.R. (Count 27), A.C. (Count 32), and J.F. (Count 36).

¶22 The stipulation provided and the referee concluded that, contrary to SCR 20:1.4(a)(4), Attorney Bryant failed to promptly comply with reasonable requests by the client for information in the following client matters: M.W. (Count 5), G.G. (Count 19), K.R. (Count 28), A.C. (Count 32), and J.F. (Count 37).

¶23 The stipulation provided and the referee concluded that, contrary to SCR 20:1.4(b), Attorney Bryant failed to

8

explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation during his work on the matters of M.C. (Count 14) and G.G. (Count 20).

¶24 The stipulation provided and the referee concluded that, contrary to SCR 20:1.5(b)(1) and (2), Attorney Bryant improperly accepted advanced fees without communicating in writing the basis or rate of the fee and expenses and failed to communicate in writing the purpose and effect of the advanced fees received in the matter of G.G. (Count 21).

¶25 The stipulation provided and the referee concluded that, contrary to SCR 20:1.15(b)(4) and SCR 20:1.15(g)(1), Attorney Bryant failed to properly hold unearned fees and advanced payment of fees in trust in the matters of J.N. (Count 1), M.W. (Count 6), and G.G. (Count 23).

¶26 The stipulation provided and the referee concluded that, contrary to SCR 20:1.15(d)(1) and (2), Attorney Bryant converted client funds to pay himself attorney's fees during his work on the M.W. matter (Counts 7 and 8).

¶27 The stipulation provided and the referee concluded that, contrary to SCR 20:1.16(d), Attorney Bryant failed to respond to multiple written requests to relinquish a client file during his representation of A.C. (Count 33).

¶28 The stipulation provided and the referee concluded that, contrary to SCR 20:1.5(c), Attorney Bryant failed to enter into a written contingent fee agreement during his work on the matters of G.G. (Count 22) and K.R. (Count 29).

¶29 The stipulation provided and the referee concluded that by knowingly and without justification disobeying a court's order, resulting in the issuance of a court order finding his client in contempt, Attorney Bryant violated SCR 20:3.4(c) during his work on the M.W. matter (Count 9).

¶30 The stipulation provided and the referee concluded that, contrary to SCR 20:8.4(c), Attorney Bryant engaged in dishonesty, fraud, deceit, or misrepresentation during his work on the M.W. matter (Count 10).

¶31 The stipulation provided and the referee concluded that, contrary to SCR 22.03(2), SCR 22.03(6), and SCR 20:8.4(h), Attorney Bryant failed to provide relevant information to the OLR in a timely fashion, and failed to answer questions fully or otherwise provide information requested by the OLR, in the following matters: J.N. (Count 2), M.W. (Count 11), M.C. (Count 15), G.G. (Count 24), K.R. (Count 30), A.C. (Count 34), and J.F. (Count 38).

¶32 Attorney Bryant pled no contest to the above counts of misconduct. The parties' stipulation recited that Attorney Bryant understands the allegations of the complaint, that he enters the stipulation freely, knowingly, and voluntarily, and that he understands that he had a right to contest the matters and consult with and be represented by counsel. Attorney Bryant also explicitly stated in the stipulation that his mental health/medical issues are not a defense to the alleged misconduct.

¶33 The parties stipulated that a three-year suspension was appropriate discipline. The referee agreed, and also recommended restitution as stipulated by the parties, noting that Attorney Bryant did not dispute that he owed restitution to these clients.[3] The referee further recommended the imposition of full costs, which total $9,175.05 as of September 2, 2014.

¶34 Because no appeal was filed from the referee's report and recommendation, our review proceeds pursuant to SCR 22.17(2). When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law, however, on a de novo basis. Id. Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

---

[3] In the OLR's restitution statement filed September 3, 2014, the OLR advises the court that it does not seek restitution in the matters of J.N., K.R., A.C., and J.F. because there was no fee dispute and/or reasonably ascertainable restitution amount, explains the reasons for the reduced request for restitution in the matter of M.W., and explains that it withdraws its request for restitution to G.G. and to the Wisconsin Lawyers' Fund for Client Protection.

¶35 We adopt the findings of fact and conclusions of law to which the parties have stipulated and as adopted by the referee.

¶36 Turning to the sanction, we accept the parties' stipulation that a three-year suspension is an appropriate level of discipline in light of the facts of this case. Given the presence of prior discipline, the number of counts of misconduct, the number of clients affected by the misconduct, and the seriousness of the misconduct, a lengthy suspension is clearly required.

¶37 Because this case presents no extraordinary circumstances and no objection to costs has been filed, we further determine that Attorney Bryant should be required to pay the full costs of this matter. See SCR 22.24(1m) (supreme court's general policy upon a finding of misconduct is to impose all costs upon the respondent attorney).

¶38 Finally, we agree that Attorney Bryant should be ordered to pay restitution as stipulated by the parties: $10,312.20 to M.W. and $5,000 to M.C.

¶39 IT IS ORDERED that the license of Andrew J. Bryant to practice law in Wisconsin is suspended for a period of three years, effective the date of this order.

¶40 IT IS FURTHER ORDERED that within 60 days of the date of this order, Andrew J. Bryant shall pay to the Office of Lawyer Regulation the imposed costs of this proceeding.

¶41 IT IS FURTHER ORDERED that within 60 days of the date of this order, Andrew J. Bryant shall pay $10,312.20 to M.W. and $5,000 to M.C. as restitution.

¶42 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶43 IT IS FURTHER ORDERED that Andrew J. Bryant shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶44 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).